**EASTMAN OUTDOORS, INC., and Eastman Holding Company, Plaintiffs,**

v.

**BLACKHAWK ARROW COMPANY, and William J. Gartland & Associates, Defendants.**

No. 03–73394.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 11, 2004.

R. Terrance Rader, John P. Guenther, Rader, Fishman, Bloomfield Hills, MI, for Plaintiffs.

Douglas W. Sprinkle, Angela M. Davison, Gifford, Krass, Birmingham, MI, for Defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

## I. INTRODUCTION

The underlying action in this case is a patent infringement dispute between two sellers of archery arrows. After Plaintiffs filed suit and notified some of Plaintiffs' customers of the pending litigation, Defendants filed a Counterclaim for Unfair Competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1525.

Now, Plaintiffs move to dismiss Defendants' Counterclaim for Unfair Competition, for failure to state a claim upon which relief may be granted, pursuant to Fed. R.Civ.P. 12(b)(6), and in the alternative, for summary judgment on Defendants' Counterclaim for Unfair Competition, pursuant to Fed.R.Civ.P. 56. Defendants oppose Plaintiffs' Motion and request that this Court allow Defendants to amend their Counterclaim.

For the reasons that follow, Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaim for Unfair Competi-

tion is GRANTED, and Defendants' request to amend their Counterclaim is DENIED.

## II. FACTUAL BACKGROUND

The facts of this case are discussed in detail in *Eastman v. Blackhawk*, 2004 WL 1745855 (E.D.Mich.2004), in which this Court denied Defendants Motion for Summary Judgment of invalidity after finding that Defendants had failed "to carry their burden of demonstrating through clear and convincing evidence that Plaintiffs' '876 patent is invalid pursuant to the on-sale bar provision of 35 U.S.C. § 102(b)." (Opinion, Aug. 3, 2004, 9.) I do not repeat those facts here, but include only the following additional facts, relevant to the instant motion:

On or about February 6, 2004, Plaintiffs, through their counsel, notified by letter a number of their own customers of the pendency of this litigation. (Pls. Mt. to Dismiss ¶ 2.) The letters contained the following text:

> Our law firm represents Eastman Outdoors in connection with the litigation and protection of its intellectual property. The purpose of this letter is to advise you that our client has initiated a patent infringement lawsuit in the Federal District Court in the Eastern District of Michigan. The lawsuit complains that certain arrows being offered and sold by Blackhawk Arrow Company infringe the claims of our client's patent, United States Patent No. 6,520,876 ('876 patent). For your convenience, a copy of the Complaint, including a copy of the '876 patent, is attached.

> We believe that honorable companies, such as yours, respect the patent laws of the United States and would not knowingly and willfully use or sell products that infringe the intellectual property

rights of a third party. Consequently, this notice is being provided to you so you can review the matter for yourself and make an intelligent and informed decision in connection with your company's purchases and sales.

(Stone Decl. Ex. A, Letter of Feb. 6, 2004.)

On February 20, 2004, Defendants filed a First Amended Answer to Complaint, Affirmative Defenses, Counterclaims, and Demand for Jury Trial, ("First Amended Answer"), adding a Counterclaim for Unfair Competition under § 43(a) of the Lanham Act. Defendants alleged that prior to the time Plaintiffs sent out the letters, Plaintiffs had been "provided with evidence by [Defendants] demonstrating the invalidity of the '876 patent under 'the on-sale bar' of 35 U.S.C. § 102(b)." (Defs. First Amended Answer, ¶ 8–9.) Defendants did not specifically allege that Plaintiffs made any false or misleading statements of fact or that Plaintiffs sent the letters in bad faith.

On March 23, 2004, Plaintiffs filed the instant Motion to Dismiss Defendants' Counterclaim for Unfair Competition. Plaintiffs argue that Defendants did not plead, and as a matter of law cannot prove, that Plaintiffs made any false or misleading statements of fact or that Plaintiffs' letters were sent in bad faith. (Pls. Br. in Support of Mt. to Dismiss.) Plaintiffs also argue that their letters are privileged under the First Amendment. (Pls. Br. in Support of Mt. to Dismiss, 11–12.) Below, I decide the instant Motion on the basis of Plaintiffs' first argument, and therefore, I do not address Plaintiffs' First Amendment argument.

In opposition to Plaintiffs' Motion to Dismiss, Defendants argue that this Court should allow them to submit a Second Amended Answer to Complaint, Affirmative Defenses, Counterclaims and Demand for Jury Trial, ("Second Amended An-

swer"), which they allege cures the deficiencies of their First Amended Answer. (Defs. Reply Br., 2–3.) In the proposed Second Amended Answer, Defendants allege that Plaintiffs "made misleading statements to the effect that (a) [Plaintiffs'] '876 patent is valid; (b) [Defendants] infringe the '876 patent; and (c) customers who purchased Blackhawk arrows from [Defendants] would be infringers." (Defs. Second Amended Answer.) Defendants also allege that Plaintiffs made the above "statements" in "bad faith." (Defs. Second Amended Answer.) The sole basis of Defendants' allegation of bad faith, in both the First Amended Answer and in the proposed Second Amended Answer, is that Plaintiffs were allegedly in possession of evidence "demonstrating the invalidity of the '876 patent under 'the on-sale bar' of 35 U.S.C. § 102(b)" prior to the time Plaintiffs sent the letters.

## III. ANALYSIS

### A. Standards of Motion to Dismiss and Summary Judgment

■ A claim may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." On such a motion to dismiss, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b). In this case, matters outside the pleadings have been presented and not excluded by this Court. The record includes a copy of Plaintiffs' letters and an affidavit by Michael Stone, the General Counsel of Eastman Outdoors, Inc. discussing Plaintiffs' letters. Thus, Plaintiffs' Motion to Dismiss should be treated as a Motion for Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the evidence and any inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted). However, the "mere existence of a scintilla of evidence" in support of the nonmovant's position is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. 242 at 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden on the moving party is satisfied where there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. Applicable Law

The basis for Defendants' Counterclaim for Unfair Competition is § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Section 43(a) provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -

 (B) in commercial advertising or promotion, misrepresents the nature,

characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C. § 1125(a). Section 43(a) serves as the basis for claims generally known as "false advertising," "trade libel," and "product disparagement." *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347–48 (Fed.Cir.1999) (citing 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 27:10, at 27–19 to 27–20 (4th ed.1998)).

 To prevail on a claim under § 43(a), a plaintiff must establish that: (1) the defendant has made a false or misleading statement of fact concerning his product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the statement was introduced into interstate commerce; and (5) there is some causal link between the challenged statement and harm to the plaintiff. *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 323 (6th Cir. 2001); *Zenith*, 182 F.3d at 1348. A statement may be "misleading" if it is "literally true, yet deceptive." *Herman Miller*, 270 F.3d at 323. Statements of opinion are not actionable. *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F.3d 606, 615 (6th Cir.1999).

 Marketplace representations of patent infringement may form the basis of a claim under § 43(a), but only if such marketplace representations were made in "bad faith." *Zenith*, 182 F.3d at 1353 ("before a patentee may be held liable under § 43(a) for marketplace activity in support

of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have been undertaken in bad faith.") *See also Golan v. Pingel Enterprise., Inc.,* 310 F.3d 1360, 1371 (Fed.Cir. 2002) ("patentees do not violate the rules of fair competition by making accurate representations, and are allowed to be inaccurate provided they make them in good faith."). The requirement of "bad faith" "is in addition to the elements required by § 43(a) itself, as § 43(a) alone does not require bad faith." *Zenith,* 182 F.3d at 1353 (citations omitted).

■ In order to demonstrate "bad faith," a defendant must demonstrate that a patentee's assertions of infringement were "objectively baseless." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 362 F.3d 1367, 1375–76 (Fed.Cir. 2004). A claim is "objectively baseless" if "no reasonable litigant could realistically expect success on the merits." *Id.* (citing *Prof'l. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 57, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993)). "In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights." *Mikohn Gaming Corp. v. Acres Gaming, Inc.,* 165 F.3d 891, 897 (Fed.Cir.1998) (*quoted in Golan,* 310 F.3d at 1371).

■ The law "recognizes a presumption that the assertion of a duly granted patent is made in good faith." *Springs Window Fashions LP v. Novo Industries, L.P.,* 323 F.3d 989, 999 (Fed.Cir.2003) (quoting *Golan,* 310 F.3d at 1371). In light of the presumption of good faith, the Federal Circuit has held that "[t]o avoid summary judgment, a party claiming bad faith patent enforcement 'must present affirmative evidence sufficient for a reasonable jury to conclude that the patentee acted in bad faith, in light of the burden of clear and convincing evidence that will adhere at trial.'" *Id.* Therefore, in the present case, Defendants must present "affirmative evidence" that Plaintiffs acted in "bad faith" when Plaintiffs sent out letters informing customers of the pendency of the present patent litigation, in order to withstand Plaintiffs' Motion for Summary Judgment.

### 1. Defendants Have Not Identified a False or Misleading Statement

■ Defendants have not identified one false or misleading statement contained in Plaintiffs' letters, either in their First Amended Answer or proposed Second Amended Answer. The allegations contained in Defendants' proposed Second Amended Answer, as to Plaintiffs' allegedly misleading "statements," are based on Defendants' interpretation of Plaintiffs' letters, and do not quote from Plaintiffs' actual statements.

Contrary to Defendants' allegations, Plaintiffs' letters do not state that the '876 patent "is valid." (Defs. Second Amended Answer.) Rather, the letters advise that Plaintiffs have "initiated a patent infringement lawsuit." (Stone, Decl. Ex. A, Letter of Feb. 6, 2004.) Plaintiffs' letters do not state that Defendants "infringe the '876 patent." (Defs. Second Amended Answer.) Instead, the letters correctly state that the "lawsuit complains that certain arrows being offered and sold by Blackhawk Arrow Company infringe the claims of our client's patent, United States Patent No. 6,520,876 ('876 patent)." (Stone, Decl. Ex. A, Letter of Feb. 6, 2004.) Nor do Plaintiffs' letters state that "customers who purchase Blackhawk arrows from [Defendants] would be infringers." (Defs. Second Amended Answer.) Rather, the letters direct recipients to "review the matter for yourself and make an intelligent and informed decision

in connection with your company's purchase and sales." (Stone, Decl. Ex. A, Letter of Feb. 6, 2004.)

Because Defendants's proposed Second Amended Answer identifies no false or misleading statement in Plaintiffs' letters, it does not cure the deficiencies of Defendants' First Amended Answer. Defendants have provided no evidence suggesting that any statement in the first paragraph of Plaintiffs' letters is untrue or misleading. Moreover, the second paragraph of Plaintiffs' letters appears to include only non-actionable statements of opinion. Defendants fail to raise a material issue of fact regarding the falsity of any statement contained in Plaintiffs' letters.

### 2. Defendants Have Provided No Affirmative Evidence of "Bad Faith"

The sole basis for Defendants' allegation that Plaintiffs acted in "bad faith" when they sent out their letters is Defendants' assertion that "Plaintiffs were in possession of evidence invalidating the '876 patent well in advance of sending out the letters." (Def. Reply Br., 4.) This argument has no merit in light of this Court's recent holding that Defendants failed to establish by clear and convincing evidence that Plaintiffs' patent was invalid pursuant to the on-sale bar provision of 35 U.S.C. § 102(b). *Eastman v. Blackhawk*, 329 F.Supp.2d 915, 2004 WL 1745855 (E.D.Mich.2004).

In light of the insufficiency of Defendants' evidence of invalidity, Defendants cannot show, on that basis of that evidence alone, that Plaintiffs' assertions of infringement were "objectively baseless" at the time they sent the letters. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1375–76 (Fed. Cir.2004). Defendants have provided no other "affirmative evidence" to overcome the presumption that Plaintiffs' assertions of infringement were made in good faith. Without any such evidence, Defendants fail to raise a material question of fact as to whether Plaintiffs sent out their letters in bad faith.

### 3. Futility of Amendment

Under Fed.R.Civ.P. Rule 15(a), a party may amend its pleadings "by leave of court," and "leave shall be freely given when justice so requires." It is within the discretion of the trial judge to determine when 'justice requires' a party be granted leave to amend. *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir.1989) (citing *Martin v. Assoc. Truck Lines, Inc.* 801 F.2d 246, 248 (6th Cir.1986)). A court may consider several factors in deciding whether to grant leave to amend, including the "futility of amendment." *Id.* (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)).

In this case, Defendants' proposed Second Amended Answer does not cure the deficiencies of Defendants' First Amended Answer. Defendants have failed to raise any material question of fact regarding whether Plaintiffs made any false or misleading statements or whether Plaintiffs sent out their letters in bad faith. Because there are no material questions of fact regarding Defendants' Counterclaim for Unfair Competition, it would be futile to allow Defendants leave to amend their Counterclaim.

### IV. CONCLUSION

Therefore, Plaintiffs' Motion for Summary Judgment on Defendants' Counterclaim for Unfair Competition is GRANTED, and Defendants' request to amend its

Counterclaim for Unfair Competition is DENIED.

**IT IS SO ORDERED**